UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| KRISTAL SMITH<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>TRANS UNION, LLC<br><br>　　　　　　Defendant. | Case No. |

## COMPLAINT

NOW COMES Plaintiff, KRISTAL SMITH ("Plaintiff"), by and through her attorneys, hereby alleging the following against TRANS UNION, LLC. ("TRANS UNION" or "Defendant").

### Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

2. Plaintiff is a natural person at all times relevant residing in Monroe County, in the City of Forsyth, in the State of Georgia.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

1

4. Defendant TRANS UNION is a corporation conducting business in the State of Georgia and is headquartered in Chicago, Illinois.

5. Defendant TRANS UNION is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant TRANS UNION furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant TRANS UNION is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

## Jurisdiction and Venue

9. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein

claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Facts

11. Plaintiff is a consumer who is the victim of inaccurate reporting by TRANS UNION regarding a credit account that she had with CAPITAL ONE, settled with CAPITAL ONE, and paid to CAPITAL ONE .

12. CRAs, including TRANS UNION have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

13. Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

14. Further, Furnishers are prohibited from furnishing information it knows or should know is inaccurate.

15. Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with CAPITAL ONE, an inaccuracy found in her credit report published by TRANS UNION. The following is a description of the inaccuracy and failures of the Defendant to investigate and update their reporting of the account in question:

16. On or about March 16, 2020, Plaintiff and CAPITAL ONE settled an account ending in 3481 (the "Account") for $8,318.13.

17. Per the terms of the agreement, Plaintiff made consecutive payments totaling eight thousand three hundred eighteen dollars and thirteen cents ($,8,318.13) with a final payment on February 24, 2023. This fully satisfied the terms of the agreement.

18. On or about April 19, 2024, Plaintiff received a copy of her credit report from TRANS UNION.

19. To her surprise, despite Plaintiff's performance under the terms of the agreement, TRANS UNION showed an an incorrect status of the account.

20. Specifically, TRANS UNION reported the Account with a current status of "Collection/Charge-Off", a balance owed of $7,376.00, and failed to report the payments that were made to satisfy the Account.

21. TRANS UNION's failure to report the Account correctly and failure to report the accurate status, accurate balance, and failure to report the payment Plaintiff made on the Account harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

22. On April 19, 2024, Plaintiff issued a dispute by mail to TRANS UNION regarding the incorrect information being reported on the Account.

23. The dispute package was received on or about April 27, 2024.

24. In her dispute letter, Plaintiff disputed the inaccurate entry in her credit report that the Account status was "Collection/Charge-Off" and any balance was owed on the Account. In her dispute she included proof of the agreement between her and CAPITAL ONE and proof of the payments made in satisfaction of the agreement.

25. Upon information and belief, pursuant to their obligations under the FCRAs, TRANS UNION notified CAPITAL ONE of Plaintiff's dispute within five days of receipt of the disputes.

26. Further, upon information and belief, TRANS UNION would have sent the documentation Plaintiff included in her dispute letter to CAPITAL ONE, including the terms of the settlement and proof of payment.

27. Despite her very specific dispute and accompanying documents supporting her dispute, the response Plaintiff received from TRANS UNION reiterated the same inaccuracies she had disputed.

28. At the time of the filing of this complaint, TRANS UNION continues to report the Account as "Collection/Charge-Off", having a balance owed, and misreporting the payment history of the account.

29. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, TRANS UNION is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

30. If TRANS UNION would have complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

31. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

32. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

33. Because of her concern over the effects Defendant' misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that Plaintiff has had the financial means to do both.

**COUNT I – TRANS UNION**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

35. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

36. TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

37. As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

39. In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

40. Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANS UNION
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

41. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

42. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

43. Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

44. As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46. In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

                                            Respectfully submitted,

Dated: December 4, 2024      By:   *s/ Mark A. Carey*
                                                    Mark Carey
                                                   The Law Offices of Mark A. Carey, P.C.
                                                   391 Perimeter Center North, Suite 275
                                                   Dunwoody, GA 30346
                                                   Email: *markcareylaw@ymail.com*
                                                   Phone: (716) 853-9432
                                                   Attorneys for Plaintiff,
                                                   KRISTAL SMITH